UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL HERNANDEZ; DOE INDIVIDUALS I – X, inclusive, and ROE CORPORATIONS I – X; inclusive;<br><br>Defendants.<br><br>MANUEL HERNANDEZ, an individual,<br><br>Counter-Claimant,<br><br>v.<br><br>BANK OF AMERICA, N.A.; ATC ASSESSMENT COLLECTION GROUP, LLC, a California limited liability company; COPPER CREEK HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; FORBES ESTATES LLC, a Nevada limited liability company; MICHAEL A. FORBES, an individual; and NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation,<br><br>Counter-Defendants. | Case No. 2:17-cv-03108-RFB-CWH<br><br>ORDER |

## I. INTRODUCTION

Before the Court are three contested motions: Plaintiff Bank of America, N.A.'s Motion to Dismiss Counterclaims, ECF No. 13; Counter-Defendant Copper Creek Homeowners Association's ("the HOA") Motion to Dismiss the Counterclaims, ECF No. 37; and Bank of America's Motion for Summary Judgment, ECF No. 32.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2016. ECF No. 1.

Bank of America initiated the action on December 21, 2017. Id. It then filed its amended complaint on March 19, 2018, suing Defendant Manuel Hernandez and alleging two claims: a claim to quiet title or for declaratory judgment and a claim for injunctive relief. ECF No. 5.

Hernandez answered the amended complaint on April 11, 2018 and asserted multiple counterclaims: (1) quiet title or declaratory relief against Bank of America and the HOA; (2) slander of title against Bank of America and Counter-Defendant National Default Servicing Corporation; (3) unjust enrichment against Bank of America, Counter-Defendants Forbes Estates, LLC, and Counter-Defendant Michael Forbes; (4) offset against Bank of America; (5) injunctive relief against Bank of America and National Default; (6) fraudulent inducement against Forbes; (7) alter ego against Forbes. ECF No. 9.

On July 12, 2018, Hernandez's counsel withdrew from the matter. ECF No. 27. Hernandez now proceeds pro se.

Bank of America now moves to dismiss the counterclaims. ECF No. 13. Hernandez opposed, and Bank of America replied. ECF Nos. 16, 21.

Bank of America also moves for summary judgment. ECF No. 32. National Default joined the motion. ECF No. 34. Hernandez failed to respond.

The HOA moves to dismiss the counterclaims as well. ECF No. 37. The HOA also filed an errata to its motion. ECF No. 40. Hernandez failed to respond.

## III. MOTIONS TO DISMISS

The Court begins by addressing the two motions to dismiss the counterclaims.

### a. Factual Background

In the counterclaims, Hernandez alleges the following:

Nonparty Manuel Lopez purchased the property at 5411 Tantalum Lane, Las Vegas, Nevada 89122. Lopez financed $175,250.00 of the purchase. The deed of trust was recorded by

Morgan Financial, Inc. on August 11, 2008. The deed of trust was allegedly assigned to Bank of America thereafter.

On December 29, 2014, the HOA recorded a notice of delinquent assessment lien, which provided: "That the amount owing and unpaid of Assessment dues, special assessments, late fees, and interest charges is $957.99 together with lien fees and costs of $433.00, for a total due of $1390.99, owed as of December 29, 2014."

On March 30, 2015, the HOA recorded a notice of default and election to sell under notice of delinquent assessment lien through its agent ATC Assessment Collection Group, LLC, which stated: "The amount is $2,961.28 as of 3/27/2015 and will increase until your account becomes current."

On November 18, 2016, ATC recorded a notice of sale on behalf of the HOA. The notice of sale scheduled a trustee's sale date for December 13, 2016. The notice of sale also provided:

> [The property] will sell at public auction to the highest bidder, for cash (payable at the time of sale) in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, state or federal savings and loan association or savings association authorized to do business in the State of Nevada, in the amount of $5,911.76 as of 11/17/2016, which includes the total amount of the unpaid balance and reasonably estimated costs, expenses and advances at the time of the initial publication of this notice.

The three notices (notice of lien, notice of default, and notice of sale) (collectively, "the HOA's Foreclosure Documents") were premised on the fact that the trustee's sale would be a super-priority sale for delinquent assessments.

On December 12, 2016, the HOA recorded a release of super-priority under to NRS 116.3116(2). The release referenced a payment from Bank of America to the HOA for $945.00 and was recorded one day before the scheduled foreclosure sale. The release stated that it "DOES NOT RELEASE THE REMAINDER OF THE DELINQUENT ASSESSMENT LIEN, WHICH IS AND REMAINS A LIEN UPON THE PROPERTY." It did not identify the amount of the alleged remainder of the delinquent assessment lien after Bank of America's payment or the date on which Bank of America made the payment. Hernandez also beliefs it failed to clearly explain

/ / /

its effect, rendering it ineffective due to the ambiguity of the requisite notice of any alleged remainder of the delinquent assessment lien.

Hernandez alleges, based on information and belief, that Bank of America failed to timely tender payment to the HOA for the super-priority lien prior to the trustee's sale and failed to timely record any such satisfaction of the super-priority amount prior to the trustee's sale.

Following the release, no party recorded a notice of default or notice of sale which delineated the alleged remaining amount of the delinquent assessment lien or the priority of the alleged remaining delinquent assessment lien.

On December 22, 2016, a certificate of sale was recorded, which indicated that Invidia Investments, LLC ("Invidia") successfully bid $6,445.44 for the property. Hernandez does not know if the amount in the certificate of sale included the purported payment referenced in the release.

On February 17, 2017, a trustee's deed upon sale was recorded in favor of Invidia "subject to the tender of the full payment of the super priority portion of said lien by the beneficiary of the first deed of trust recorded against this property . . . ." Although the notice of sale scheduled the trustee's sale for December 13, 2016, the trustee's deed and the certificate of sale indicate that the trustee's sale occurred on December 14, 2016. The disclaimer implied that Bank of America had not, as of February 17, 2017, tendered the full super priority portion of the HOA lien prior to the trustee's sale.

On February 17, 2017, Invidia quitclaimed its interest in the property to Forbes Estates. On October 9, 2017, Bank of America caused a notice of default and election to sell to be recorded against the property.

On December 21, 2017, Bank of America filed a complaint against Forbes Estates to quiet title on the property. Forbes Estates, by and through its principal, Forbes, executed a purchase agreement with Hernandez for the sale of the property, representing to Hernandez that the property was being sold free and clear of any encumbrances. In reliance on the representations by Forbes Estates and Forbes regarding the status of the property's title, Hernandez entered into the purchase agreement.

On December 22, 2017, a quitclaim deed was recorded by Forbes Estates transferring its interest in the property to Hernandez.

On March 19, 2018, Bank of America filed its first amended complaint, removing Forbes Estates as a named defendant and adding Hernandez.

From December 22, 2017 to the date Hernandez was served with the amended complaint, Hernandez made improvements to the property in the approximate amount of $41,700.00.

On March 1, 2018, Bank of America caused a certificate of foreclosure mediation in Nevada to be recorded. On March 15, 2018, Bank of America also caused a Lis Pendens against the property to be recorded. On March 30, 2018, Bank of America also caused a notice of trustee sale to be recorded, scheduling a foreclosure sale of the property for May 30, 2018.

### b. Legal Standard

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### c. Discussion

Both the HOA and Bank of America move to dismiss the counterclaims. The HOA argues, in part, dismissal is warranted under Rule 41 since Hernandez has failed to prosecute this matter. Rule 41 allows a defendant to seek dismissal of an action or any claim against it based on the Hernandez's failure to prosecute or to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). The Court finds dismissal is warranted.

Hernandez's counsel withdrew from this matter on July 12, 2018. His counsel moved to withdraw, in part, because of Hernandez failed to communicate consistently and cooperate with

his counsel. Hernandez also failed to attend the hearing at which the motion to withdraw was granted. However, the order granting the motion stated that "Hernandez shall proceed pro se, unless and until counsel is retained." Hernandez has not retained counsel. Nor has he prosecuted the matter in his pro se capacity. He in fact has failed to take any action since the July 12, 2018 hearing—including failing to oppose the HOA's motion to dismiss and Bank of America's motion for summary judgment. Since Hernandez has taken no further action to prosecute this case against any counter-defendants, the Court dismisses the counterclaims. Hernandez shall have thirty days to request reconsideration of the dismissal by filing a motion for reconsideration to reopen the case. If no such motion is filed, the counterclaims will be deemed without further order from this Court as dismissed with prejudice.

**IV.     MOTION FOR SUMMARY JUDMENT**

In addition to moving to dismiss the counterclaims, Bank of America seeks summary judgment on its claim against Hernandez for declaratory relief or quiet title.

### a. Undisputed Facts

On August 6, 2008, Lopez purchased the property located at 5411 Tantalum Lane, Las Vegas, Nevada 89122. They financed the purchase by way of a $172,808.00 loan. The corresponding promissory note was secured by a deed of trust, which was recorded August 11, 2008. Bank of America was assigned all beneficial interests under the deed of trust in 2012 and is the current assignee of record.

After the Lopez failed to pay the HOA dues as required for the property, the HOA recorded a notice of delinquent assessment lien on December 29, 2014. The notice states that the amount due to the HOA was $1,390.99. The total amount due included $957.99 of unpaid HOA dues, special assessments, late fees, and interest charges. It also included $433.00 of lien fees and costs.

On March 30, 2015, the HOA recorded a notice of default and election to sell under the notice of delinquent assessment lien through the assistance of its agent ATC. The notice stated $2,961.28 was due to the HOA as of March 27, 2015. It did not specify whether that amount included dues, interest, fees, and collection costs in addition to assessments.

/ / /

On November 18, 2016, the HOA recorded a notice of sale through ATC. It stated $5,911.76 was due as of November 17, 2016.

On December 9, 2016, Bank of America paid the super-priority portion of the HOA's lien. Three days later, the HOA recorded a release of the super-priority lien. The release stated that Bank of America paid $945.00 to satisfy the super-priority portion of the HOA's lien and that the HOA "acknowledge[d] receipt of payment satisfying the 'super-priority' portion of the lien. . . ." The release further stated "[t]he 'super-priority' portion of said lien is hereby released, canceled, and discharged. . . ."

The HOA foreclosed on the property on December 14, 2016. Prior to starting bidding at the sale, ATC requested the following be announced on behalf of the HOA: "You are hereby notified by the Association, the beneficiary, through its foreclosure agent, that the amount of the super-priority portion of the Association's lien has been paid by the deed of trust holder. Said payment is evidenced by a recorded release on the property."

A certificate of sale in favor of Invidia Investments LLC was recorded December 22, 2016, showing Invidia placed a successful bid $6,445.44. Thus, on February 17, 2017, a trustee's deed upon sale was recorded against the property, which transferred ownership of the property to Invidia "subject to the tender of the full payment of the super-priority portion of said lien by the beneficiary of the first deed of trust recorded against this property…." On the same date, a quitclaim deed was recorded against the property, which granted Invidia's interests in the property to Forbes Estates. Several months later, on December 22, 2017, a second quitclaim deed was recorded against the property, which granted Forbes Estates' interest in the property to Hernandez.

Bank of America caused a foreclosure certificate being recorded against the property on March 1, 2018. Bank of America also recorded a notice of lis pendens against the property on March 15, 2018. Bank of America then caused a notice of trustee's sale to be recorded on March 30, 2018. Bank of America foreclosed on May 30, 2018.

**b. Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### c. Discussion

Bank of America seeks summary judgment as to all claims between the parties. As the counterclaims have been dismissed, the Court turns to the claims in Bank of America's complaint: a claim to quiet title or for declaratory judgment and a claim for injunctive relief.

The Court finds that the claim for injunctive relief must be dismissed as a matter of law. Injunctive relief is instead solely a form of relief. The Court dismisses the second claim as a result.

Turning to the second claim, the Court finds that Bank of America is entitled to summary judgment. A HOA's lien consists of a super-priority portion and a sub-priority portion. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408, 411 (Nev. 2014) ("NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a sub-priority piece."). Foreclosure on the super-priority portion extinguishes a senior deed of trust. Id. But under NRS 116.31166, a deed of trust survives a HOA foreclosure sale if the beneficiary of the deed of trust pays "the amount of the association's lien that is prior to its security interest not later than 5 days before the sale." Nev. Rev. Stat. 116.31166(1).

Bank of America satisfied the super-priority portion of the HOA's lien on December 9, 2016. The HOA foreclosure sale occurred on December 14, 2016. Thus, the super-priority portion

///

of the HOA's lien was satisfied in compliance with NRS 116.31166(1). Therefore, the HOA foreclosure sale did not extinguish Bank of America's security interest.

Indeed, the payment of the super-priority release was recorded prior to the HOA foreclosure sale—which occurred over a year before Forbes Estate quitclaimed its interests in the property to Hernandez. Forbes Estate therefore purchased the property at the HOA foreclosure sale with record notice of the release of the super-priority portion of the lien and notice that the property was sold "subject to the tender of the full payment of the super priority portion of said lien by the beneficiary of the first deed of trust recorded against this property…" Estate therefore acquired the property subject to Bank of America's deed of trust.

Further, the fact that Hernandez acquired his interest via a quitclaim deed is important. "[A] quitclaim deed is sufficient to convey whatever interest the grantor had in the property at the time the conveyance was made[.]" Centeno v. B. Queen Victoria, LLC, No. 67915, 2016 WL 380290, at *1 (Nev. Jan. 27, 2016). Thus, Forbes Estate conveyed to Hernandez the same interest that it acquired: title subject to Bank of America's deed of trust. And to be sure, Hernandez also had record notice of the release and the disclosure to which Forbes Estate acquired its interest in the property at the time Hernandez acquired interest in the property.

### V. CONCLUSION

**IT IS ORDERED** that Counter-Defendant Copper Creek Homeowners Associations' Motion to Dismiss (ECF No. 37) is GRANTED. The Court dismisses the counterclaims in this matter under Rule 41. Manuel Hernandez shall have thirty days to request reconsideration of the dismissal by filing a motion for reconsideration to reopen the case. If no such motion is filed, the counterclaims will be deemed without further order from this Court as dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Bank of America, N.A.'s Motion for Summary Judgment (ECF No. 32) is GRANTED. The Court finds Forbes Estate purchased the property subject to Bank of America N.A.'s senior deed of trust. The Clerk of the Court is instructed to enter judgment on claim one in favor of Bank of America accordingly.

**IT IS FURTHER ORDERED** that Plaintiff Bank of America's second claim is dismissed.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Dismiss (ECF No. 13) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court close this matter accordingly.

DATED: March 31, 2019.

  
_____  
**RICHARD F. BOULWARE, II**  
**UNITED STATES DISTRICT JUDGE**